UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

January 22, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Connie C. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 24-3613-DRM

Dear Counsel:

On December 13, 2024, Plaintiff Connie C. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 8, 11, 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REMAND the Commissioner's decision. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefit benefits on July 17, 2020, alleging a disability onset of October 16, 2018. Tr. 258-259. Plaintiff's claims were denied initially and on reconsideration. Tr. 191-197. On October 23, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 46-85. Following the hearing, on January 3, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 22-45. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security on December 13, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since October 16, 2018, the alleged onset date." Tr. 28. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity fibromyalgia (FMS), L5/S1 disc space narrowing and spondylosis, bilateral carpal tunnel syndrome (CTS), and bilateral wrist mild degenerative changes." Tr. 28. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 31. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a), except the claimant could frequently handle and feel bilaterally. The claimant can frequently climb ramps and stairs, balance, stoop, kneel and crouch. The claimant can occasionally climb ladders, ropes, and scaffolds, and crawl.

Tr. 32. The ALJ determined that Plaintiff was unable to perform any past relevant work but could perform jobs that existed in significant numbers in the national economy such as telephone sales representative, customer complaint clerk, and information clerk. Tr. 37-38. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 38.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997);

*Connie C. v. Frank Bisignano*
Civil No. 24-3613-DRM
January 22, 2026
Page 3

*DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ failed to properly evaluate the consistency factor required under 20 C.F.R. § 404.1520c when assessing the medical opinion of her primary care physician, Dr. Danielle Williams. ECF No. 11 at 6. Plaintiff contends that the ALJ found Dr. Williams's opinion unpersuasive due solely to what the ALJ viewed as an internal inconsistency. *Id.* at 7. Specifically, the ALJ concluded that the physician simultaneously described Plaintiff as having "severe walking limits" (e.g., inability to walk one block without significant respiratory distress) while also stating her residual functionality was "within acceptable limits." *Id.* Plaintiff contends that this analysis addresses only supportability, which can encompass the internal consistency of an opinion, and does not satisfy the ALJ's separate obligation to conduct an *external* consistency comparison with other medical and nonmedical evidence in the record. *Id.* at 8. Plaintiff notes that § 404.1520c requires the ALJ to "explain" consideration of both supportability and consistency, and that the failure to address consistency constitutes reversible legal error. *Id.* Plaintiff also argues that the error is not harmless, emphasizing that Dr. Williams's opinion, if credited, would be inconsistent with the physical demands of sedentary work, which requires occasional standing and walking during the workday. *Id.*[3]

In response, the Commissioner contends that the ALJ properly evaluated Dr. Williams's opinion and that substantial evidence supports the RFC finding. ECF No. 14 at 5. According to the Commissioner, the ALJ addresses the consistency of Dr. Williams's "severe walking limits" finding, even if the discussion is not explicitly labeled as such, by addressing in the ALJ decision other medical evidence showing normal gait, intact strength, no lower-extremity edema, and functional mobility during multiple examinations. *Id.* at 6. The Commissioner maintains that these inconsistencies reasonably led the ALJ to find Dr. Williams's opinion unpersuasive. *Id.* at 6-8. Specifically, the Commissioner identifies portions of the ALJ's decision summarizing contradictory evidence: January and April 2022 rheumatology notes showing no lower-extremity edema; a July 2022 consultative examination showing normal gait, intact strength, full lower-extremity range of motion, and the ability to walk, heel-toe walk, and rise from a chair without assistance; and other findings indicating far greater ambulation ability than Dr. Williams described. *Id.* The Commissioner argues that when the decision is read as a whole, the ALJ clearly

---

[3] Notwithstanding the narrower dictionary definition of *sedentary*, the relevant definition of "sedentary work" notes that "[a]lthough a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a). Said another way, a claimant found by an ALJ to have "severe walking limits" would likely require an additional walking-related limitation in their RFC, beyond mere limitation to "sedentary work."

considered evidence outside Dr. Williams's opinion in assessing consistency, as required by the regulations. *Id.*

In her reply, Plaintiff reiterates that the ALJ failed to conduct the required consistency analysis when evaluating Dr. Williams's opinion. ECF No. 15 at 1. Plaintiff acknowledges that the ALJ elsewhere in the opinion summarized treatment notes showing no knee swelling, but argues that merely citing other medical evidence is not the same as explaining how that evidence is inconsistent with Dr. Williams's "severe walking limits." *Id.* at 2. Plaintiff again contends that the ALJ's reasoning addressed only internal supportability, which is the perceived contradiction between Dr. Williams's statement that Plaintiff's functioning was "within acceptable limits" and her severe walking limitation, but did not analyze consistency with "evidence from other medical and nonmedical sources" as the regulation requires. *Id.* at 3.

When evaluating medical opinions in claims filed on or after March 27, 2017[4], an ALJ must, as the Fourth Circuit recently explained:

> "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), -(c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).
>
> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies—that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025).

The relevant regulations define these first two factors as follows:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

---

[4] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

"Supportability is the degree to which a provider supports [his or her] opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and non-medical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023) (citing 20 C.F.R. § 404.1520c(c)(1)–(2)).

This Court has noted that supportability and consistency must be considered independently. *See Duane H. v. Kijakazi*, Civ. No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."). The consistency factor is an outward facing inquiry, looking at whether the medical opinion is consistent with other evidence in the record. *Rosa M. v. Kijakazi*, No. 9:22-CV-04494-BHH-MHC, 2023 WL 9101308, at *7 (D.S.C. Dec. 8, 2023).

The Court agrees with the Plaintiff that the ALJ did not satisfy the requirement to address the consistency factor. Although the ALJ cited the correct regulation, Tr. 32 (citing 20 C.F.R. 404.1520c), she did not explicitly discuss the consistency of Dr. Williams's opinion with other sources when finding it "generally unpersuasive." *See* Tr. 35. Rather, the ALJ's consideration of Dr. Williams's opinion consisted of the following:

> The claimant's primary care physician, Dr. Danielle Williams, prepared an October 2021 medical statement finding the claimant totally and permanently disabled due to severe persistent asthma and pulmonary HTN. She found the claimant unable to walk 1 block or 1 flight of stairs, without respiratory distress. She found the claimant would require frequent rest periods. She also found her functional limits within acceptable limits. She found no social behavioral limits. (50F). The undersigned is not persuaded by the finding of disability as that is an issue reserved for the Commissioner. The undersigned also notes the internal inconsistency of the findings, given acceptable functional limits, and then severe walking limits. The opinion is generally unpersuasive.

*Id.*[5]

---

[5] The ALJ went on to address an earlier opinion by Dr. Williams, not directly at issue here, as follows:

> Dr. Williams also prepared an April 2019 disability statement in support of the claimant's request for long term disability. She found the claimant could perform

The ALJ did not explain how any "evidence from other medical and nonmedical sources" was inconsistent with Dr. Williams's opinion, as required by 20 C.F.R. § 404.1520c(c)(2). 20 C.F.R. § 404.1502(d) defines "medical source" as "an individual" who meets certain licensing or certification requirements. 20 C.F.R.§ 404.1502(e) provides examples of "non-medical sources," all of which are categories of individuals. In this context, "evidence from other medical sources and nonmedical sources" must therefore refer to evidence from other individuals and cannot refer to evidence from the same provider. *See, e.g.*, *Travis W. v. Dudek*, No. CDA-24-0159, 2025 WL 923407, at *3 (D. Md. Mar. 26, 2025); *Marie T. v. O'Malley*, No. CDA-23-1320, 2024 WL 2114811, at *3 (D. Md. May 10, 2024). As such, the ALJ failed to articulate a consistency analysis under 20 C.F.R. § 404.1520c(c)(2), despite the requirement in subsection (b)(2) to explain that analysis.

Defendant is correct that an ALJ's decision must be read "as a whole." *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018). And, in a somewhat different context, the Fourth Circuit has held that an "ALJ need only review medical evidence once in [a] decision." *McCartney v. Apfel*, 28 F. App'x 277, 279 (4th Cir. 2002). However, the Court cannot, as Defendant urges it to do, simply take note of the other medical opinions cited in the ALJ's RFC analysis and then find that "it was reasonable for the ALJ to conclude that Dr. Williams's opinion was not consistent . . . with the totality of the evidence." ECF No. 14 at 7. The regulation required the ALJ to conduct *and explain* a consistency analysis of Dr. Williams's opinion. 20 C.F.R. § 404.1520c(b)(2). That did not occur, and "[o]ur circuit precedent makes clear that it is not the Court's role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Fox v. Colvin*, No. 14-2237, 2015 WL 9204287, at *4 (4th Cir. Dec. 17, 2015).

Remand is necessary so that the ALJ can provide an analysis of Dr. Williams's opinion that fully comports with 20 C.F.R. § 404.1520c. The Court takes no position on what level of persuasiveness, if any, should attach to Dr. Williams's opinions.

### V.     CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

---

only sedentary work, without squatting, climbing, pushing, and pulling or crawling. She presented as support a pulmonary function test (PFT) that was essentially normal, with mildly reduced diffuse on capacity. (8F). Again, the undersigned is persuaded by the sedentary finding, but not only due to asthma, but for back and knee disorders, and ongoing FMS complaints.

*Id.*

*Connie C. v. Frank Bisignano*
Civil No. 24-3613-DRM
January 22, 2026
Page 7

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge